**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROHAN SARKAR,

Petitioner,

v. Case No. 1:26-cv-002726 KWR-JHR

WARDEN, *Torrance County Detention Facility*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

**BACKGROUND**

Petitioner is a citizen of Bangladesh detained by ICE at the Torrance County Detention Facility in New Mexico. He entered the United States on June 21, 2023. On July 29, 2026,

Petitioner was arrested pursuant to a warrant and detained by ICE. Doc. 6 at 10. Petitioner was given a bond hearing on August 12, 2026, and the immigration judge found that Petitioner was a flight risk. Doc. 6 at 11-12.

Petitioner challenges his bond hearing, asserting that it was not individualized. Petitioner asserts that the written decision only concluded that Petitioner was a flight risk, and did not provide reasoning in support.

Petitioner asserts the following claims. First, he asserts that Respondents violated the INA, as Petitioner may not be mandatorily detained. Second, he asserts that his bond hearing was not individualized or constitutionally compliant.

## DISCUSSION

### I. **Petitioner received a bond hearing and is lawfully detained.**

Petitioner appears to assert that he is erroneously mandatorily detained. But Petitioner received a bond hearing, at which the immigration judge concluded he was a flight risk. Petitioner has thus received the process due under 8 U.S.C. § 1226(a).

To the extent Petitioner challenges the determination that he is a flight risk, the Court generally lacks jurisdiction to review an immigration judge's flight risk determination, and he fails to explain why the immigration judge's flight risk decision was erroneous.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be

subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination.

Petitioner appears to assert that his bond hearing was not individualized because the immigration judge did not explain why he was a flight risk in the written order. But in the Court's experience reviewing hundreds of immigration habeas petitions, the immigration judge generally provides his reasoning in the oral ruling at the bond hearing. And Petitioner did *not* allege that the immigration judge failed to explain his ruling at the bond hearing. Petitioner fails (1) to describe the bond hearing, (2) to provide a transcript or recording of the hearing an audio recording, or (3) to provide a proffer. He also fails to explain why a description of the bond hearing is unavailable. Thus, Petitioner failed to carry his burden.

Petitioner generally alleges that the immigration court system is now a sham, and immigration judges are no longer neutral decisionmakers. But as explained above, he fails to explain how *his* bond hearing was deficient.

Petitioner also does not establish that there was a due process violation at his bond hearing. Petitioner appears to assert that the immigration judge failed to place the burden of proof on the Government to show by clear and convincing evidence that the noncitizen is a flight risk or danger to the community. As this Court has previously explained in *Montero Cordova*, due process does not require that the burden be placed on the Government when a noncitizen is detained under § 1226(a). The Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026) and denies Petitioner's due process claim based on burden-shifting. As explained in *Montero Cordova,* the *Mathews* factor do not warrant shifting the burden at any bond hearing to the Government under the circumstances of this case. And Petitioner does not establish that a due process violation requires the Court to place the burden on the Government at any bond hearing.

Because Petitioner has received the remedy due, a bond hearing, the Court concludes that Petitioner may be detained under § 1226(a).

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**[1]

_____________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.